(161 App. Div. 516)

### In re SNITKEN, Justice.

(Supreme Court, Appellate Division, First Department. March 13, 1914.)

JUDGES (§ 11*)—REMOVAL—EVIDENCE—MISCONDUCT.

 In proceedings brought by the Association of the Bar of New York City against respondent, a justice of the Municipal Court, evidence *held* to sustain a finding of the official referee that respondent was not guilty of any violation of his duty as a judicial officer, and that his conduct and temperament generally did not unfit him for the office.

 [Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 42, 43–45; Dec. Dig. § 11.*]

Proceedings by the Association of the Bar of New York against Leonard A. Snitken, Municipal Court Justice, for official misconduct. Proceedings dismissed.

See, also, 152 App. Div. 885, 136 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Henry W. Taft, of New York City, for petitioner.

Austen G. Fox and Henry M. Goldfogle, both of New York City, for respondent.

PER CURIAM. The Association of the Bar of the City of New York presented charges against the respondent, alleging that the respondent had failed in his duty as a judicial officer, and had so conducted himself in office as to demoralize the administration of justice and bring his court into public contempt, with further general charges of unfitness for the office which he held. The respondent answered, and the matter was referred to the official referee, who has heard the parties and after a most painstaking and thorough investigation has filed his report, in which, after fully discussing the testimony, he has come to the following conclusion:

"On the whole case, it appears to me that while respondent at various times used unjudicial language, for which he is censurable, and perhaps went somewhat beyond the bounds of discretion in trying to get more time for unfortunate tenants, yet this latter action did not spring from improper motives or arbitrary prejudice. It is apparent that the Municipal Court justice must frequently have his sympathy excited, his patience unduly tried, by the conditions of his courtroom and the character of those appearing before him. * * * I conclude that while the respondent's language in certain instances

was unjudicial, and therefore to be censured, it has not been shown that he is guilty of violation of his duty as a judicial officer, nor that his conduct and temperament generally are such as to render him unfit to hold judicial office, and consequently I find that the general and specific charges of unfitness and violation of duty are not sustained by the evidence adduced before me."

With this conclusion of the official referee we agree. The Municipal Courts of the city of New York occupy a rather unique position in the judicial system of this state. The nature of the business brought before the court depends largely upon the character of the neighborhood in which the court is located. These courts perform the extremely important function of providing a tribunal in which small claims can be brought and promptly determined without the elaborate and technical procedure that is necessary in the disposition of more intricate and difficult litigation. It is especially essential in these courts that the judicial officers should conduct themselves with dignity and impartiality, and that their sole object in the transaction of the business before them should be the prompt, dignified, and impartial administration of justice. We would not hesitate to remove a justice of that court whose conduct satisfied us that he failed in the performance of these duties, even though such failure resulted only from the lack of such a judicial temperament or appreciation of the duties of his office as would enable him to administer justice without respect to persons or the nature of the actions he was called upon to determine. While there are isolated instances in the testimony before us in which the respondent failed to preserve the dignity of the court over which he was called to preside and acted in an improper manner, taking the testimony as a whole, we cannot find that the respondent as to his general judicial conduct has displayed such a temperament or such character as would justify his removal. There are no charges of corruption, or that in the great mass of the litigation before him he failed to properly perform his duties. While therefore we approve the conclusion of the official referee that the respondent is censurable for the language employed by him, and in the instances specified by the official referee in the methods he adopted in the administration of justice, we also approve the general conclusion of the official referee that:

"It has not been shown that he is guilty of violation of his duty as a judicial officer, nor that his conduct and temperament generally are such as to render him unfit to hold judicial office."

It is proper to add that the Association of the Bar of the City of New York has performed an important public duty in bringing this matter before the court, and that it is entitled to the commendation of the profession and the public.

The proceedings are therefore dismissed.